FILED
United States Court of Appeals
Tenth Circuit

October 16, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GIOVANNI MARTINEZ,

      Defendant-Appellant.

No. 12-7036
(D.C. Nos. 6:11-CV-00056-RAW and
6:09-CR-00030-RAW-1)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

    Giovanni Martinez pleaded guilty to charges of possession with intent to distribute cocaine and being a felon in possession of a firearm. In his plea agreement, Mr. Martinez stipulated that he was a career offender as contemplated by United States Sentencing Guideline § 4B1.1. The district court found him to be exactly that and sentenced him to 188 months' imprisonment. Mr. Martinez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which the district court denied. He now seeks to appeal the district court's order.

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

To do that, to appeal the court's order, Mr. Martinez must first obtain a certificate of appealability ("COA").  For our part, we may grant a COA only if Mr. Martinez makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Because Mr. Martinez proceeds in this court *pro se*, we review his pleadings with special solicitude.

Bearing these standards in mind, we hold Mr. Martinez ineligible for a COA.  Mr. Martinez argues the government breached the plea agreement by seeking and obtaining revisions to his presentence report to reflect the drug he possessed was cocaine base, not cocaine.  As the district court explained, however, Mr. Martinez was ultimately subject to the same advisory guideline sentencing range either way given his status as a career offender.  The nature of the drugs made no difference.  Neither is there any indication that the court's independent sentencing judgment was affected by the revision.  Whether or not the government breached the agreement, Mr. Martinez fails to suggest any way in which he was prejudiced.  As the district court also observed, Mr. Martinez's allegation that his counsel was constitutionally ineffective for failing to challenge the revision to the presentence report fails for the same reason — the inability to

show counsel's conduct prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 691-92 (1984) (party must establish prejudice to prevail on ineffective assistance of counsel claim).

Because Mr. Martinez cannot show the district court's resolution of his § 2255 motion is debatable, the application for a COA is denied. We grant Mr. Martinez's motion to proceed *in forma pauperis* and dismiss this appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge